Jasbir Singh **KHAIRA; Amritpal Kaur Khaira; Kuljeet Kaur Khaira; Satbeer Singh Khaira, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73469.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 28, 2009.

Surjit Singh, Law Office of Surjit Singh, APC, Anaheim, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Robert E. Connolly, Esquire, U.S. Department of Justice, Philadelphia, PA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Jasbir Singh Khaira, Amritpal Kaur Khaira, Kuljeet Kaur Khaira and Satbeer Singh Khaira, all natives of India and citizens of Kenya, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir. 2003) and we deny in part and grant in part the petition for review.

Substantial evidence supports the IJ's findings that the general harassment and discrimination petitioners suffered in Kenya, the April 2002 incident in which a mob of people accosted petitioners and the May 2002 incident in which local officials required a bribe did not rise to the level of past persecution. *See Nagoulko,* 333 F.3d at 1016–18; *Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995).

The IJ and BIA failed to address the petitioners' well-founded fear contention, *see Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995) (agency's decision "must contain a statement of its reasons for denying the petitioner relief adequate for us to conduct our review"), and the BIA erred by failing to address their due process claims that the IJ did not address their asylum claim

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

from India, and the IJ ordered them removed to Kenya and not India, *see Barroso v. Gonzales*, 429 F.3d 1195, 1208 (9th Cir.2005) (the BIA is not free to ignore arguments raised by a petitioner in his appellate brief).

Accordingly, we remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.